# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3225

_____

| | | |
|---|---|---|
| Guy Heide; Michael A. Kosel; Duane Taylor, | * * * | |
| Petitioners, | * | |
| | * | Petition for Review |
| v. | * | of an Order of the |
| | * | Federal Aviation Administration. |
| Marion C. Blakely, Administrator, Federal Aviation Administration; Catherine M. Lang, Federal Aviation Administration, | * * * * | [UNPUBLISHED] |
| | * | |
| Respondents. | * | |

_____

Submitted: August 3, 2007
Filed: August 13, 2007

_____

Before BYE, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Guy Heide, Michael Kosel, and Duane Taylor (petitioners) seek review of an order of the Acting Associate Administrator for Airports (Administrator) of the Federal Aviation Administration (FAA) denying relief on four consolidated complaints--each brought under Part 16 of the Code of Federal Regulations and alleging a scheme to defraud the federal government through false statements and material omissions in connection with operations at the Minneapolis-St. Paul

International Airport (MSP). The Administrator held that petitioners' first three complaints were outside the FAA's jurisdiction under Part 16 because the complaints were not filed against a sponsor, proprietor, or operator of a federally assisted airport, and because Part 16 is not an appropriate basis for suing individuals in their individual capacities or for asserting criminal violations. She held that the claims in petitioners' fourth complaint--alleging misconduct by the operator of MSP in connection with 1987 and 1992 noise exposure maps--were moot in light of the FAA's acceptance of more recent noise exposure maps.

Upon review, we hold that the Administrator's relevant factual findings are supported by substantial evidence. See 49 U.S.C. § 46110 (factual findings are conclusive if supported by substantial evidence). We further conclude that the Administrator's interpretations of the pertinent regulations are reasonable, see Chevron U.S.A., Inc. v. Natural Res. Def. Council, 467 U.S. 837, 842-44 (1984) (court should defer to agency administrator's reasonable interpretation of regulations where regulations were promulgated by agency pursuant to authority delegated by Congress), and that her legal conclusions are not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," see 5 U.S.C. § 706; Friends of Richards-Gebaur Airport v. FAA, 251 F.3d 1178, 1184-85 (8th Cir. 2001) (because § 46110 does not enunciate standard for reviewing FAA's nonfactual determinations, court turns to Administrative Procedure Act (APA) for appropriate standard; under APA standard, review is "quite narrow" and court will not substitute its own judgment for that of administrator; court should determine merely whether decision was based on consideration of relevant factors and whether there has been clear error of judgment).

We also conclude that there is no merit to petitioners' unexplained assertions of due process violations. The Administrator dismissed petitioners' complaints pursuant to express statutory and regulatory authority. See 49 U.S.C. § 46101(a)(3) (Administrator may dismiss complaint without hearing when he or she is of opinion

that complaint does not state facts that warrant investigation or action); 14 C.F.R. § 16.25 (authorizing dismissal of Part 16 complaint with prejudice if complaint appears on its face to be outside Administrator's jurisdiction or not to state claim that warrants investigation or further action); Mathews v. Eldridge, 424 U.S. 319, 334-35 (1976) (due process is flexible and calls for such procedural protections as particular situation demands; among relevant factors is fiscal and administrative burden on government that additional or substitute procedure would entail).

The petition for review is denied. All pending motions on appeal are denied.

_____